**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30139 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00147-SPW-3 |
| v. | |
| DUSTY WHITEHOUSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 31, 2018[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Appellant Dusty Whitehouse ("Whitehouse") appeals her sentence for

conspiracy to possess with intent to distribute methamphetamine, possession with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

intent to distribute methamphetamine, and distribution of methamphetamine. We affirm.

The district court did not violate *Apprendi* [1] or contradict the jury's findings by using the guideline sentencing range for pure methamphetamine. The jury was properly asked to determine the *quantity* of drugs involved, as this affects the statutory penalty imposed; here, the jury concluded Whitehouse was responsible for "at least 50 grams" or more of a "substance containing a detectible amount of methamphetamine." The only drugs seized in this case tested 98.2% pure, and there was no contrary evidence submitted that other deliveries involved less pure substances; it was not clear error for the court to extrapolate that purity to the quantity found by the jury. *United States v. Lopes-Montes,* 165 F.3d 730, 732 (9th Cir. 1999) ("[U]sing the purity of drugs actually seized to estimate the purity of the total quantity of drugs the defendant agreed to deliver is an appropriate method of establishing the base [guideline] offense level."). The district court did not abuse its discretion by denying Whitehouse's request for an acceptance of responsibility adjustment. U.S.S.G § 3E1.1. Although at trial Whitehouse conceded responsibility for Count 3, she continued to contest elements of the other two counts. It is an exceptional and rare case where a defendant who goes to trial should be granted a downward adjustment

---

[1]  *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

2

for acceptance of responsibility, *see United States v. Weiland*, 420 F.3d 1062, 1080 (9th Cir. 2005), and the court was within its discretion to find such exceptional circumstances did not apply in this case.

**AFFIRMED.**